UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELEAZAR SECUNDINO,<br><br>         Petitioner,<br><br>    v.<br><br>FRED FIGUEROA,<br><br>         Respondent. | No. SA CV 13-00342-DOC (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On February 27, 2013, Eleazar Secundino (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254. On February 26, 2009, Petitioner was convicted by a jury in Orange County Superior Court Case No. 07CF2125 of attempted murder in violation of Penal Code ("PC") §§ 664/187, assault with a firearm in violation of PC § 245(a)(2), shooting at an occupied motor vehicle in violation of PC § 246, and making criminal threats in violation of PC § 422. The jury further found true that Petitioner personally discharged and personally used a firearm in violation of PC §§ 12022.5(c) and 12022.5(a). On April 24, 2009, Petitioner was sentenced to 27 years in state prison. (See Petition at 2.)

Petitioner has raised the following claims in the within Petition: (1) reduction of degree of offense pursuant to Penal Code 1181(b) based on personal discharge of a firearm during the commission; and (2) ineffective assistance of counsel, based on defense to be presented, due to lack of real firearm as opposed to using an "imitation firearm" BB gun device. (See Petition at 5, attached pages.)

It appears from the face of the Petition that it is directed to the same 2009 Orange County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on October 3, 2011, in Eleazar Secundino v. L. S. McEwen, Case No. CV 11-01527-DOC (VBK).[1] On June 22, 2012, Judgment was entered in Eleazar Secundino v. L. S. McEwen, Case No. CV 11-01527-DOC (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas

---

[1] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). In this Petition, Petitioner raised the following claims: (1) The evidence was insufficient to prove that Petitioner used a real firearm in the commission of the crimes; and (2) Petitioner's trial counsel was ineffective for failing to call a "gunpowder expert" to prove that Petitioner had not fired a real gun in the commission of the crimes. (See Petition at 7, et seq.)

corpus application under section 2254 that was presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be

1  summarily dismissed pursuant to Rule 4 of the Rules Governing Section
2  2254 Cases in the United States District Courts.
3  **LET JUDGMENT BE ENTERED ACCORDINGLY.**
4
5  DATED: March 13, 2013          /s/ David O. Carter
                                  DAVID O. CARTER
6                                 UNITED STATES DISTRICT JUDGE
7
8  Presented on
   March 6, 2013 by:
9
10
11 VICTOR B. KENTON
   UNITED STATES MAGISTRATE JUDGE
12